

1

2

3

4

5

6

7

8  **UNITED STATES DISTRICT COURT**

9  **SOUTHERN DISTRICT OF CALIFORNIA**

10  VANTRAE GREGORY,
    CDCR #C-85909,
11
                                         Plaintiff,
12

13
                                         vs.
14

15

16  DOMINGO URIBE, Jr.; J.J. DENAULT;
    L. VALENZUELA; J. SAIS;
17  A. HERNANDEZ,

18
                                         Defendants.
19

20

21

Civil No.    11-1952 WQH (BGS)

**ORDER:**

**(1)  GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*, IMPOSING NO INITIAL PARTIAL FILING FEE, GARNISHING $350 FROM PRISONER'S TRUST ACCOUNT [ECF No. 4]; and**

**(2)  SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

22          Plaintiff, VanTrae Gregory, a state prisoner currently incarcerated at California State

23  Prison located in Lancaster, California and proceeding pro se, has filed a civil rights action filed

24  pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that his due process rights were violated when

25  he was housed at Centinela State Prison in 2009 and 2010.   Plaintiff has not prepaid the $350

26  filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma*

27  *Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 4].

28  / / /

## I.      Motion to Proceed IFP [ECF No. 4]

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a).

Section 1915, as amended by the Prison Litigation Reform Act ("PLRA"), further requires that each prisoner seeking leave to proceed IFP submit a "certified copy of [his] trust fund account statement (or institutional equivalent) ... for the six-month period immediately preceding the filing of the complaint."  28 U.S.C. § 1915(a)(2).  Using these certified trust account statements, the Court must assess an initial payment of 20% of (a) the average monthly deposit, or (b) the average monthly balance in the account for the past six months, whichever is greater, and collect that amount as the prisoner's initial partial filing fee, unless he has no current assets with which to pay.  *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4).  Thereafter, the institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which his account exceeds $10, and forward those payments to the Court until the entire filing fee is paid.  *See* 28 U.S.C. § 1915(b)(2).

The Court finds that Plaintiff has submitted an affidavit that complies with 28 U.S.C. § 1915(a)(1) [ECF No. 4] as well as a certified copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and Civil Local Rule 3.2.  Plaintiff's trust account statement shows he has insufficient funds from which to pay an initial partial filing fee.

Accordingly, the Court hereby **GRANTS** Plaintiff's Motion to Proceed IFP [ECF No. 4], and assesses no initial partial filing fee at this time.  *See* 28 U.S.C. § 1915(b)(1).  However, Plaintiff is required to pay the full $350 filing fee mandated by 28 U.S.C. §§ 1914(a) and 1915(b)(1), by subjecting any future funds credited to his prison trust account to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(2).

## II.     Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

**A.      Constitutional Claims**

Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States. *See* 42 U.S.C. § 1983.

**B.      Application to Plaintiff's Complaint**

Plaintiff alleges that he was denied his right to due process when prison officials found him guilty of a disciplinary charge and he was placed in Administrative Segregation ("Ad-Seg"). (*See* Compl. at 4-5.) "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972). State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). However, the Supreme Court has significantly limited the instances in which due process can be invoked. Pursuant to *Sandin v. Conner*, 515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted). In this case, Plaintiff has failed to establish a liberty interest protected by the

1    Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions

2    or consequences of his placement in Ad-Seg which show "the type of atypical, significant

3    deprivation [that] might conceivably create a liberty interest." *Id.* at 486.  For example, in

4    *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff

5    possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary versus

6    discretionary nature of the segregation; (2) the restricted conditions of the prisoner's

7    confinement and whether they amounted to a "major disruption in his environment" when

8    compared to those shared by prisoners in the general population; and (3) the possibility of

9    whether the prisoner's sentence was lengthened by his restricted custody.  *Id.* at 486-87.

10           Therefore, to establish a due process violation, Plaintiff must first show the deprivation

11   imposed an atypical and significant hardship on him in relation to the ordinary incidents of

12   prison life.  *Id.* at  483-84.  Plaintiff has failed to allege any facts from which the Court could

13   find there were atypical and significant hardships imposed upon him as a result of the

14   Defendants' actions.  Plaintiff must allege "a dramatic departure from the basic conditions" of

15   his confinement that would give rise to a liberty interest before he can claim a violation of due

16   process.  *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended*

17   *by* 135 F.3d 1318 (9th Cir. 1998).

18           It is also not clear from Plaintiff's Complaint how long he was held in Ad-Seg.  Based

19   on the facts currently alleged,  the Court finds that Plaintiff has failed to allege a liberty interest

20   in remaining free of Ad-Seg, and thus, has failed to state a due process claim.  *See Sandin*, 515

21   U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not

22   present the type of atypical, significant deprivation in which a state might conceivably create a

23   liberty interest.").

24           Therefore, the Court dismisses Plaintiff's Fourteenth Amendment claims for failing to

25   state a claim upon which relief may be granted and Plaintiff's Complaint must be dismissed for

26   failing to state a claim upon which section 1983 relief may be granted.  *See* 28 U.S.C.

27   §§ 1915(e)(2)(b); 1915A(b).  Because it is not altogether certain that Plaintiff would be unable

28   to allege additional facts which might state a claim against Defendants, however, the Court will

provide Plaintiff with an opportunity to amend his pleading in light of the standards set forth above.

**III.     Conclusion and Order**

Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1.      Plaintiff's Motion to proceed IFP pursuant to 28 U.S.C. § 1915(a) [ECF No. 4] is **GRANTED**.

2.      The Secretary of California Department of Corrections and Rehabilitation, or his designee, shall collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3.      The Clerk of the Court is directed to serve a copy of this Order on Matthew Cate, Secretary, California Department of Corrections and Rehabilitation, 1515 S Street, Suite 502, Sacramento, California 95814.

**IT IS FURTHER ORDERED** that:

4.      Plaintiff's Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b).  However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a First Amended Complaint which cures all the deficiencies of pleading noted above.  Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading.  *See* S.D. Cal. Civ. L. R. 15.1.  Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived.  *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1 | /////

2 |      5.     The Clerk of Court is directed to mail Plaintiff a copy of a Court approved civil

3 | rights complaint form.

4 |      **IT IS SO ORDERED.**

5 |

6 | DATED:  October 12, 2011

7 |                **WILLIAM Q. HAYES**

               United States District Judge