# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

VANTRAE GREGORY,
CDCR #C-85909,

                                    Plaintiff,

vs.

DOMINGO URIBE, Jr.; J.J. DENAULT;
L. VALENZUELA; J. SAIS;
A. HERNANDEZ; CALDERON;
JACKSON; CASTILLO

                                    Defendants.

Civil No.    11-CV-1952 WQH (BGS)

**ORDER SUA SPONTE
DISMISSING FIRST AMENDED
COMPLAINT FOR FAILING TO
STATE A CLAIM PURSUANT TO
28 U.S.C. §§ 1915(e)(2) and 1915A(b)**

## I.    Procedural History

On August 5, 2011, Plaintiff, VanTrae Gregory, a state prisoner currently incarcerated at California State Prison located in Lancaster, California and proceeding pro se, filed a civil rights action filed pursuant to 42 U.S.C. § 1983.  Plaintiff alleged that his due process rights were violated when he was housed at Centinela State Prison in 2009 and 2010.  Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a); instead, he filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [ECF No. 4].

On October 12, 2011, the Court granted Plaintiff's Motion to Proceed IFP but sua sponte dismissed his Complaint for failing to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  On December 1, 2011, Plaintiff filed his First Amended Complaint ("FAC").

-1-

## II.      Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

The Prison Litigation Reform Act ("PLRA")  obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (§ 1915(e)(2)); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th Cir. 2000) (§ 1915A).

### A.      Constitutional Claims

Section 1983 imposes two essential proof requirements upon a claimant:  (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.  *See* 42 U.S.C. § 1983.

### B.      Application to Plaintiff's Complaint

Plaintiff alleges that Defendants denied him due process during two separate disciplinary hearings and as a result, Plaintiff lost thirty (30) days of good time credits and was placed in Administrative Segregation.  (*See* FAC at 6-8.)  As currently pleaded, Plaintiff's claims must be dismissed because they are premature under the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).    Constitutional claims involving a prison's disciplinary or administrative decisions to revoke good-time credits are subject to sua sponte dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 1915A(b)(1) since habeas corpus is the exclusive federal remedy whenever the claim for damages depends on a determination that a disciplinary judgment is invalid or the sentence currently being served is unconstitutionally long.  *Edwards v. Balisok*, 520 U.S. 641, 643-44 (1997); *Heck*, 512 U.S. at 486-87; *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In order to state a claim for damages under section 1983 based on these allegations under *Heck* and *Edwards*, Plaintiff must allege facts in his First Amended Complaint sufficient to show that Defendants' decision to remove his credits has already been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a writ of habeas corpus." *Heck*, 512 U.S. at 486-87. Plaintiff has failed to do this.   Therefore he must sufficiently amend his First Amended Complaint to provide such a showing before any cause of action for damages accrues under the Civil Rights Act. *Id.*

Even if Plaintiff were able to overcome the *Heck* bar, he has failed to state a Fourteenth Amendment due process claim. "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property." *Board of Regents v. Roth*, 408 U.S. 564, 569 (1972).   State statutes and prison regulations may grant prisoners liberty interests sufficient to invoke due process protections. *Meachum v. Fano*, 427 U.S. 215, 223-27 (1976).  However, the Supreme Court has significantly limited the instances in which due process can be invoked.  Pursuant to *Sandin v. Conner*,  515 U.S. 472, 483 (1995), a prisoner can show a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." *Id.* at 484 (citations omitted); *Neal v. Shimoda*, 131 F.3d 818, 827-28 (9th Cir. 1997).

In this case, Plaintiff has failed to establish a liberty interest protected by the Constitution because he has not alleged, as he must under *Sandin*, facts related to the conditions or consequences of disciplinary conviction which show "the type of atypical, significant deprivation [that] might conceivably create a liberty interest." *Id.* at 486.  For example, in *Sandin*, the Supreme Court considered three factors in determining whether the plaintiff possessed a liberty interest in avoiding disciplinary segregation:  (1) the disciplinary versus discretionary nature of the segregation; (2) the restricted conditions of the prisoner's confinement and whether they amounted to a "major disruption in his environment" when

compared to those shared by prisoners in the general population; and (3) the possibility of whether the prisoner's sentence was lengthened by his restricted custody. *Id.* at 486-87.

Therefore, to establish a due process violation, Plaintiff must first show the deprivation imposed an atypical and significant hardship on him in relation to the ordinary incidents of prison life. *Sandin*, 515 U.S. at 483-84. Plaintiff has failed to allege any facts from which the Court could find there were atypical and significant hardships imposed upon him as a result of the Defendants' actions. Plaintiff must allege "a dramatic departure from the basic conditions" of his confinement that would give rise to a liberty interest before he can claim a violation of due process. *Id.* at 485; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998). He has not; therefore the Court finds that Plaintiff has failed to allege a liberty interest in remaining free of Administrative Segregation, and thus, has failed to state a due process claim. *See May*, 109 F.3d at 565; *Hewitt*, 459 U.S. at 466; *Sandin*, 515 U.S. at 486 (holding that placing an inmate in administrative segregation for thirty days "did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest.").

The Court dismisses Plaintiff's Fourteenth Amendment claims for failing to state a claim upon which relief may be granted and Plaintiff's First Amended Complaint must be dismissed for failing to state a claim upon which section 1983 relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(b); 1915A(b).

### III.   Conclusion and Order

Good cause appearing therefore, **IT IS HEREBY ORDERED** that:

1. Plaintiff's First Amended Complaint is **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b) and 1915A(b). However, Plaintiff is **GRANTED** forty five (45) days leave from the date this Order is "Filed" in which to file a Second Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to the superseded pleading. *See* S.D. Cal. Civ. L. R. 15.1. Defendants not named and all claims not re-alleged in the Amended Complaint will be deemed to have been waived. *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1    2.    The Clerk of Court is directed to mail Plaintiff a copy of a Court approved civil

2  rights complaint form.

3        **IT IS SO ORDERED.**

4
   DATED:  February 3, 2012
5

6                                            *William Q. Hayes*
                                          **WILLIAM Q. HAYES**
7                                        United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28